# IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF FLORIDA

**Jenifer Marsh and obo H.M.,**

Plaintiffs

vs.

**CHRIS SANTOSPIRITO,**
**AARON MARSH,**
**DOES 1-10,**

Defendants.

No. 2:23cv1039-JLB-KCD

## PETITION FOR WRIT OF HABEAS CORPUS

I, Jenifer Marsh, and on behalf of my minor child, H.M., respectfully submit this Petition for a Writ of Habeas Corpus as a pro se litigant to this Honorable Court. The purpose of this petition is to seek relief for the unlawful detainment of the minor, who is currently being held in violation of his constitutional rights. The unjust and prolonged detainment of the minor necessitates the intervention of this Honorable Court to protect his 14th Amendment right to liberty and secure his immediate release. I present the following facts and legal arguments in support of this petition, seeking the prompt and just resolution of this matter. "Fraud on the court is a fraud 'directed to the judicial machinery itself and is not fraud between the parties or fraudulent documents . . . . It is thus fraud where . . . the impartial functions of the court have been directly corrupted." (Robinson v. Audi Aktiengesellschaft, 56 F.3d 1259, 1266 (10th Cir. 1995)).

Attempts to defraud the court occurred when defendants interfered with Plaintiffs' ability to receive due process. "It can be demonstrated, clearly and convincingly, that a party has sentiently set-in motion some unconscionable scheme calculated to interfere with the judicial system's ability impartially to adjudicate a matter by improperly influencing the trier of fact or

unfairly hampering the presentation of the opposing party's claim or defense." *Aoude v. Mobil Oil Corp.*, 892 F.2d 1115, 1118 (1st Cir. 1989).

## I. BACKGROUND

1. Jenifer Marsh and H.M., the Petitioners, claim that H.M., a minor child, is presently being unlawfully held in violation of his constitutional right to liberty under the Thirteenth Amendment. The alleged wrongful detention is attributed to the actions of the named Defendants, Chris Santospirito, Aaron Marsh, and potentially additional individuals identified as Defendants 1 through 10.

2. H.M., the minor child, was previously under the protection of a restraining order issued by the Palm Beach County Court in 2020, which mandated supervised visitation with Defendant Aaron Marsh due to his domestic violence and drug use.

3. Following Jenifer Marsh's job loss and eviction during the Covid-19 pandemic, she and H.M. were forced to seek temporary shelter with family members in Lee County, Florida, to avoid homelessness. When the prior restraining order expired, Defendant Aaron Marsh moved to Lee County and initiated unsupervised visitation with H.M., picking him up from school, while Jenifer Marsh was attending nursing school.

4. In December of 2021, H.M. reported an act of attempted homicide by Aaron Marsh, specifically an act of strangulation, which resulted in visible injuries.

5. Aaron Marsh repeatedly denied abuse allegations, committed perjury, and abused the family court system by utilizing his considerable financial resources to engage in vexatious litigation against Jenifer Marsh, whom is a victim of his violence. This has left Jenifer Marsh at a legal and financial disadvantage in protecting H.M. from further harm.

6. Despite H.M.'s continued reports of physical and sexual abuse by Aaron Marsh, Jenifer Marsh's attempts to obtain additional protection orders for H.M. from the lower court were repeatedly denied, thereby forcing continued contact between H.M. and his abuser.

7. Jenifer Marsh made numerous attempts to seek help from state agencies, lower courts, and local legal aid as a victim of domestic violence. However, she was consistently denied assistance, criminalized, and retaliated against for her efforts to protect her minor child from abuse.

8. Defendant Chris Santospirito committed acts of fraud upon the court by being in possession of evidence related to child abuse and domestic violence, while simultaneously accusing Jenifer Marsh of being untruthful regarding the abuse during the divorce trial. Chris Santospirito violated his duty of candor, obstructed justice and defrauded the court.

## II.   JURISDICTIONAL ALLEGATIONS

This Court has proper jurisdiction over this matter as it has the authority to issue the requested writ of habeas corpus and to review and determine the lawfulness of the detention in question.

9. The Plaintiffs assert that the unlawful detainment of H.M. through fraud upon the court establishes jurisdiction in the United States District Court for the Middle District of Florida. Petitioners have exhausted all remedies within the state court system, justifying the invocation of federal jurisdiction. Plaintiff's' action is predicated by the unlawful detainment of a minor which restrains him of his 14th Amendment right to live free from abuse and denies him equal protection under the law. This Court has the duty and

authority to enter orders which will best conserve the welfare of the child, subordinating if necessary the legal rights of an unfit parent.

10. This Petition satisfies the requirements of FL Statute 79.01, and an appeal is not applicable as a final judgment has not yet been rendered. The purpose of this Petition is to address the acts of perjury that contributed to the unlawful detainment of H.M.

11. Due to the repeated and egregious acts of fraud committed by the Defendants, irreparable harm has occurred to H.M. The welfare and safety of the minor child are at stake, providing this Honorable Court with the jurisdiction to address this matter. The Court has the authority to ensure the safety and welfare of a child and to ensure equal access to justice, which has been deprived due to continuous perjury. "The right of parental control is natural but not an unalienable one." It is subject to the paramount right of the State as *parens patriae*. It was not the purpose of the quoted provisions of the statute to punish children or to deprive them of their liberty, but to provide proper custody for those who are in need of it, because of the death or unfitness of parents". Farnham v. Pierce, 141 Mass. 203, 6 N.E. R. 830, 55 A. R. 452.

12. As a direct result of the Defendants' fraud forcing the child to endure ongoing abuse, Jenifer Marsh, the mother of H.M., has suffered from insomnia, depression, and post-traumatic stress disorder (PTSD). She has also experienced severe financial loss, currently living with family members due to the continued acts of fraud upon the court. Jenifer Marsh's ability to secure higher-paying employment, complete nursing school, and maintain stability has been hindered. H.M. has suffered severe mental injuries, including PTSD, self-harming behaviors, behavior issues, and suicidal ideations as a result of prolonged exposure to extreme trauma, abuse, and threats to his life.

### III. COUNT I - FRAUD UPON THE COURT

The allegations set forth in this Petition demonstrate a clear and convincing case of fraud upon the court. The Defendants, Chris Santospirito and Aaron Marsh, have engaged in a scheme calculated to interfere with the judicial system's ability to impartially adjudicate this matter by improperly influencing the trier of fact and unfairly hampering the presentation of the Petitioners' claims and defenses.

13. The acts of fraud committed by the Defendants include but are not limited to:

a. Interfering with the Petitioners' ability to receive due process.

b. Committing perjury and denying allegations of abuse.

c. Utilizing financial resources to engage in vexatious litigation against Jenifer Marsh, leaving her at a legal and financial disadvantage.

d. Violating the duty of candor to the tribunal by being in possession of evidence related to child abuse and domestic violence while denying its existence.

e. Accusing Jenifer Marsh of being untruthful about the abuse to obstruct justice and defraud the court.

15. The law is clear that a trial court has the inherent authority to dismiss actions based on fraud and collusion.

### IV. COUNT 2- PERJURY

The Plaintiffs, Jenifer Marsh and obo H.M., allege that the Defendant, Chris Santospirito, and Aaron Marsh willfully and knowingly made false statements while under oath and as part of the ongoing legal proceedings in Marsh v Marsh. The false statements made by the Defendants were material to the case and intended to mislead the court. The Petitioners contend that the Defendant's perjurious statements constitute a violation of the

law and have hindered the pursuit of justice in this matter, and had the effect of perpetuating and exacerbating the abuse suffered by the minor, H.M. The Petitioners contend that the Defendant's perjurious statements not only violated the law but also resulted in further harm and distress to the minor, H.M., whom is already a victim of abuse. The perjury committed by the Defendants has impeded the pursuit of justice and the protection of the minor's welfare in this matter.

## V. RELIEF REQUESTED

Based on the aforementioned jurisdictional allegations, the Plaintiffs respectfully request the following relief from this Honorable Court:

1. Issue a Writ of Habeas Corpus to secure the immediate release of H.M. from unlawful detention and place him under the protective custody of the Plaintiff, and safe parent, Jenifer Marsh.

2. Order a thorough investigation into the fraudulent activities committed by the Defendants and impose appropriate legal consequences for their actions.

3. An order prohibiting the Defendants from initiating further detainment of H.M. or interference with the minor's liberty, and ensuring the minor's safe and prompt return to his safe parent, Jenifer Marsh.

4. Grant appropriate damages to the Plaintiffs for the severe emotional, financial, and physical harm they have suffered due to the Defendants' continuous fraud.

5. Grant any further relief that this Honorable Court deems just and equitable.

## VI.    CONCLUSION

The Plaintiff firmly believes that the acts of fraud perpetrated by the Defendants have caused irreparable harm to H.M., violated his constitutional rights, and jeopardized his well-being. As the custodial fit parent, Jenifer Marsh, has a legal duty to protect her child from harm and detriment. This Court has the inherent authority to intervene and ensure the safety and welfare of the child, as well as to preserve equal access to justice. I kindly request that the court consider the contents of this petition with due regard for my pro se status provide any necessary guidance or clarification to assist me in navigating the legal process effectively. I have made every effort to ensure the clarity and accuracy of the arguments presented herein, but I appreciate the court's understanding of any inadvertent errors or omissions that may arise due to my lack of legal expertise, such as in TRACEY L. JOHNSON, et al. v. CITY OF SHELBY, MISSISSIPPI.

We implore this Honorable Court to consider the urgency of this matter and grant the requested relief without delay. The interests of justice and the well-being of H.M. necessitate swift action.

## VII.    VERIFICATION

I, Jenifer Marsh [and obo H.M.], hereby declare under penalty of perjury that this Petition for Writ of Habeous Corpus is true and correct to the best of my knowledge, information, and belief.

Date:   11-20-23                                                                Respectfully submitted,

_____
Jenifer Marsh
All rights reserved [UCC 1-308]
1113 Thompson Ave.
Lehigh Acres, FL 33972
239-379-1391